May it please the Court, good morning. My name is Matthew Pritchard. I represent Mr. Castro-Verdugo, the appellant in this appeal. The jurisdictional issue in this case boils down to one question, and that's the question that any district court must ask itself before exercising jurisdiction to revoke probation. That question is, does the defendant before me, or rather, is the defendant before me serving a term of supervised release? Here's my issue. Let me just get right to the point that concerns me about your position. Ordinarily, the legality of a sentence, the length of a sentence, may be challenged only in one of two ways, either on direct appeal from the original judgment of conviction or in a habeas proceeding pertaining to that conviction. And here, it's completely collateral, and that's my problem. It seems to me that in this case, because the first conviction for which the probation was being served, albeit improperly, everybody seems to agree that that is the case, was not challenged by direct appeal, was not challenged on habeas. So what case allows you, what's your best case allowing you this kind of collateral attack? Judge Graber, I have to, on the best case part, the best I can do for you is United States v. Vargas-Amaya and United States v. Schmidt. I cite those in my briefing, and those are a little bit different, but I'm going to explain why the distinction is not material for purposes of assessing whether this is a collateral attack versus a valid jurisdictional challenge. In both of those cases, this Court considered whether the district court's exercise of jurisdiction was proper when it provoked probation or supervised release, as the case was, for somebody whose term, validly imposed term, had expired. The Court assessed, again, this is something a district court has to do in every single case, it has to look, when it gets a revocation petition from probation, it has to look and say, is this person serving a term of probation right now? But the difference is, the Supreme Court cases and our cases in this area consistently say that if you're attacking the length of your sentence, it must be done in a certain way. When the sentence has been fully served, and you're saying, well, it's expired, you're no longer attacking the length of it. So they seem to me quite distinguishable. The reason you can attack the length, though, is because you're not serving a term of probation at the time of the revocation proceeding. Here, we're... He was serving a term. You're saying it was improper, but he was, in fact, serving a term of probation. Your Honor... Well, let's... Maybe we can approach it this way. And we have to draw a distinction between a conviction and a sentence. There's no attack on the conviction. That's right. He was convicted properly. What was in error was placing him on probation, because the United States Code doesn't permit a defendant to be placed on probation regardless of the term. Right. It doesn't permit it. And that's found in 18 U.S.C. section 3561, which says a defendant who has been found guilty of an offense, that's what happened here. May be sentenced to a term of probation unless the defendant is sentenced at the same time to a term of imprisonment. So what the attack is, is not on the length of the sentence. What the attack is, is on the sentence itself. And it is a sentence without jurisdiction. And since it's a sentence without jurisdiction, it is an illegal sentence. And the cases that are cited by the government with respect to the law of the circuit are two cases in which the attack was on the conviction, not on the sentence. And that's the distinction that one has to draw. And the question is whether if a sentence is an illegal sentence, that is one which is imposed without, without jurisdiction, can that then be attacked when the court is asked to act on the revocation of an illegal sentence? And that's what happened the second time around. Yes, Your Honor, and I think the answer has to be no. Because we're without, it's without jurisdiction. And that's something that would have, at the, at the conclusion of the original sentencing proceeding, at that moment, jurisdiction no longer existed. And so that is why it's a jurisdiction. Actually, there was no jurisdiction. When you say at the conclusion of the sentencing proceeding, you have to be careful, because at the conclusion of the sentencing proceeding, in the first instance, there was an imposition of, an attempted imposition of a sentence of probation. Where the jurisdiction was lacking was once the judge said, I impose a time-served sentence or two months or suspended sentence, all of which, by the way, next to probation is illegal. But after he said that, he then attempted to place him on probation. That was what was illegal. And that's what has no jurisdiction. I agree, Your Honor. And if I could try to illustrate, Judge Graber, I think an analogous situation that kind of helps shed light on this is, I did brief this briefly, but say, suppose that it was a petty offense, that's something under the law that you're not permitted to give supervised release of any duration for. If a district court said, I sentence you to two months and then a year of supervised release following the petty offense, the district court's supervised release portion would be invalid. That would be an erroneous sentence. And the way, there are at least two recognized ways to challenge that. One is through a direct appeal, and the other is through a habeas proceeding as to that conviction. And it isn't, you know, it's a procedural problem, and it's unclear to me why this wasn't attacked in the normal course of one of those two methods. But it's... I think Judge Graber makes a good point. It certainly could have been attacked that way. Absolutely. But then from a practical point of view, since the person was going to be deported, it didn't appear to the attorney at that time that there was any reason to challenge, or didn't challenge, the legality of the probation. However, when the defendant came back here a second time, then, and this is what this challenge is, this is not a challenge to the first. This is a challenge to the revocation of probation. Right. As it would be a challenge to supervised release when, in fact, there is no term of supervised release. We're arguing with each other, obviously, but I'd like you to just approach the basic Heck v. Humphrey problem, which is that if you are, if what you are seeking is something that necessarily implies the invalidity of either a conviction or a sentence, it has to be done in a certain procedural posture. And that's the source of my issue with your position. Yes, Your Honor, and the response to that, and I'll try to be concise, is this. We are not attacking the validity of the sentence. This Court, the district court, has to determine is this person serving a term of probation. The district court here never said I impose probation. There's no question that it was inclined to maintain jurisdiction over Mr. Castro, and it intended to do it under a sort of probation-like structure. But while there are avenues for offensively attacking a district court sentence on the basis that it acted outside of its power, that doesn't preclude, as a jurisdictional matter, defensively asserting when a probation, a revocation petition is initiated. Defensively challenging the district court's jurisdiction procedurally, that is not the case. This is distinct from a situation where you're trying to challenge either the conviction, as Judge Breyer was referring to, or the sentence in a way that challenges something that should have been done at the original proceeding. As a practical matter, Judge Breyer is right. Mr. Castro is going to be deported. Logistically, it wouldn't really work that he could probably file a petition since he was no longer in the country the moment that proceeding concluded. But that's as a practical matter. Even if he had remained in the country, he cannot be precluded from, again, defensively asserting, you don't have jurisdiction over me, district court, because I'm not serving a term of probation. I couldn't be when you look at the backdrop of law that informed the sentencing options at the time of the sentencing proceeding. It cannot just be the district court's words alone, I impose probation or I impose supervisory. Breyer. Let me tell you about district judges, if you don't know already. I mean, they say all sorts of things. They say all sorts of things. Let me ask a different question, if I might. We don't reach the supervised release issue if, in fact, we address it in your favor on the first prong. Is that right? That's right, Your Honor, because the entire sentence would be vacated. Thank you. You have about half a minute. I'll save that for rebuttal, if that's okay. Yes, please do. You might need it. We'll hear from the government. Good morning, Your Honors. Stephen Lee, Special Assistant United States Attorney on behalf of the United States. As Your Honor noted, this appeal challenging jurisdiction in the government's view is a veiled, impermissible collateral attack on the original underlying sentence. The district court has jurisdiction to consider a petition for probation revocation as long as the underlying conviction has not been set aside. That conviction can only be set aside in a 22-year period. Do you have a case that says that? Yes, sir. United States v. Simmons. Okay. The district court should petition, consider the petition for probation revocation as if the underlying conviction was unquestioned. And what happened in Simmons? What was the challenge in Simmons? Your Honor, in Simmons, the petitioner was allowed, he was convicted of making death threats to the President of the United States, and he was allowed to enter a psychiatric facility. No, no. What was the challenge? I know the facts. What was the challenge? It says it right there in the first paragraph. It says, Simmons challenges the guilty plea which led to probation. The challenge was on the plea, right? Yes, Your Honor. And in the other case, in the other case that's cited, the only two of which I'm aware, the Jurassic case, that again was a challenge to the conviction. This is not a challenge to the conviction. There is no question that the defendant pled guilty to violating an illegal entry into the United States, and it was a valid conviction. As a government, you would take the position, wouldn't you? Wouldn't the United States government take the position that this is an illegal sentence? Yes, I believe. So the answer is yes to that question. Now the question is, given that it's an illegal sentence, are you saying that this court can't, in a revocation proceeding of an illegal sentence, can't set that aside? And if so, is there a case that says you couldn't set it aside? And if so, what is the basis for the government taking that position? Your Honor, I don't think it's in question whether all the parties agree or disagree whether the original sentence was illegal. The record reflects in 2013, Judge Burns even says that he was doing something in 2011 that he shouldn't have been doing, that this State sentence is not a legal sentence. Now let's dissect what he was ultimately sentenced to. Five years probation is a legal sentence for a Class E felony, which was what he was convicted of in 2011. I'm sorry, it's what? It was a Class E felony. Right. Five years probation was an appropriate sentence in 2011. He did not impose... Now wait a minute. You say an appropriate sentence. It's not an appropriate sentence if you've already sentenced the person to jail, is it? No, Your Honor. However, if we dissect the sentence, he never served six months custodial... He served two months. But at any rate, putting that aside, you can't take that part of the sentence that you like and discard the part of the sentence that you find illegal. I mean, when that part of the sentence which is illegal is placing him on probation and when what the government has done is ask the court to revoke probation. And you're quite right. The government concedes that the sentence is illegal. Judge Burns thought it might be illegal. And now you're asking us to affirm a court that imposed an illegal sentence when, in fact, the action was the revocation of probation of an illegal sentence. And I'm asking you one simple question. Is there any authority for that proposition? Is there any case you can find that says that if a sentence is illegal, that the imposition of the sentence is illegal, the court of appeals must affirm it if you don't proceed by way of habeas and so forth? Is there any case that says that? Because I'm not aware of one. I don't know, Your Honor, and I would be happy to brief that for this court if it would clear things up. Because Heck v. Humphrey is a civil case. Yes, Your Honor. Like a criminal case. This is a criminal proceeding. I would like to note that the cases that the appellant cites, the Murillo case, was decided on direct appeal. In Murillo, the court imposed a state sentence with probation, or a custodial sentence, rather, with probation. In that case, the government petitioned this court to look at that sentence and determine whether that sentence was illegal. Well, the government also takes a position that there was a waiver in this case, right? Yes, Your Honor. And that waiver, when you go back and read it, that waiver says to the extent permitted by law, right? Yes, Your Honor. Okay. Have you ever heard of a waiver that's a legal waiver giving a court jurisdiction when the United States Congress hasn't given the court jurisdiction? Is there any case that says the parties can sit down and say that when they come into court, there can be jurisdiction? Is there a case that says that? None that I'm aware of, Your Honor. Okay. I'm not either. So when you look at the waiver, if you go back and say there are two arguments about the waiver, one argument is he waived it in the initial proceeding, and the petitioner has said, the appellant has said, well, be that as it may, whether he has or not, number one, it's not a lawful waiver, because, I mean, it's not a waiver as to jurisdiction. And number two, they're not challenging that. They're challenging the second proceeding, which there was no waiver with respect  Was there? No, Your Honor. It is the view of the government, however, that United States v. Simmons makes clear that the underlying conviction may not be collaterally attacked on direct appeal from the district court's order revoking probation. In doing so, we believe that Simmons establishes that the district court necessarily had jurisdiction to consider the probation revocation. Okay. I just want to read that sentence to you so you can address it. Irrespective, I'm reading from Simmons, irrespective of the merits of this claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction. There is no challenge here to the underlying conviction, is there? No, Your Honor. So I don't understand why the government cites Simmons, since it doesn't seem to be the same case. We believe that Simmons and Garaci here control, in Garaci, the context of the direct appeal from the probation, it was a direct appeal from probation revocation where the original sentencing court lacked authority to impose a modified sentence. However, this court held that an appeal challenging probation revocation was not the proper avenue to attack the validity of the original sentence. It establishes that the proper avenue for challenging the original sentence is a 2255 motion. Here, there was no 2255 motion. This was a direct appeal of the probation revocation. I'm sorry. I mean, I just read Simmons talking about a conviction. But you read it differently. All right. I think he was talking about a different case. I was referring to the Garaci case. Oh, okay. But the Garaci case, thank you for bringing that up. The Garaci case says, at the end of it, it says, it cites to Simmons and it says the following. Underlying conviction should be challenged under 28 U.S.C. 2255 rather than an appeal from a probation revocation. Underlying conviction. Right? That's what it says about Simmons, which is correct. It's a correct reading of Simmons. But of course, Garaci goes one step further and extends it to the sentence. I mean, that, I think, is your position, correct? Yes, Your Honor. Okay. Well, we can discuss that. But, of course, Garaci. Garaci was, again, an attack on the conviction. So if it does extend it, which I actually don't believe it does, if it does, it would be dicta because it's applying the conviction. It talks about the conviction. At this time, unless Your Honors have any specific questions. For the United States, I will, at this time, submit on my brief. I don't think we do. We asked you a lot. I think we probably exhausted ourselves and you. So, Mr. Pritchard, you have half a minute. Thank you, Your Honor. In the time remaining, I'd like to quickly address, I think it's somewhat been established, but Garaci was, like Simmons, both of those cases involve a collateral attack to the conviction. Your Honor, Judge Gregory did not extend Garaci. I think that sentence was sort of a shorthand the Court was using for sentence and conviction as encompassed in the judgment because it cited Simmons and the sentence that says underlying conviction cannot be challenged collaterally. And I think that what I'd like to emphasize is the reason why it must be the case that those cases cannot bar a jurisdictional challenge of this nature is if you read them that way, that would mean that somebody who was imposed on a sentence where the district court maintained jurisdiction over them for a period beyond which it could under congressional grant and law, forever they would be under the jurisdiction of a district court, and that jurisdiction would have no source in law. That simply is outside the bounds of what's permitted by Article III, and that would be an extra-judicial, extra-constitutional exercise of power every time the district court did it. So once we understand this to be a question, if you even take this, if you take the facts of this case and if this Court declined to reach the merits of the issue, the district court would still have jurisdiction over Mr. Castro, and if that original sentence was one that was an error and had no power, he's still exercising jurisdiction that doesn't exist in law, and he would continue to exercise that jurisdiction for the rest of the year. I put somebody on supervised release for 10 years or 20 years. Or life. For life, and then I decide at some point he's done something wrong, and I revoke it. I think that demonstrates why it can't be. If you say I imposed 50 years of supervised release for a sentence that authorizes one year, and 30 years if you tried to revoke to say that you cannot defensively assert that the district court doesn't have jurisdiction is an absurd reading, and it does defy and it does contravene Article III, and the constitutional nature of a jurisdictional question like this. Thank you, Counsel. I appreciate the arguments of both of you. They've been very spirited and helpful. The case is submitted.
judges: Breyer, Kozinski, Graber